**AGENT AND LENDERS**:

**BANK OF AMERICA, N.A.**,
as Agent and as Lender

By:_____
Title:_____
Address:
_____
_____
_____
Attn:
Telecopy:

S-2

*Post-Confirmation Loan
and Security Agreement*

**BMO HARRIS FINANCING, INC.** (formerly known as BMO Capital Markets Financing, Inc.), as Lender


By:_____

Title:_____

Address:

_____

_____

_____

Attn:

Telecopy:

S-3

*Post-Confirmation Loan
and Security Agreement*

**BoS(USA), INC.,**
as Lender


By:_____
Title:_____
Address:

_____
_____
_____
Attn:
Telecopy:


S-4

**CAPITAL ONE, NATIONAL ASSOCIATION,**
as Lender


By:_____
Title:_____
Address:

_____
_____
_____
Attn:
Telecopy:

S-5

*Post-Confirmation Loan
and Security Agreement*

**MB FINANCIAL BANK, N.A.,**
as Lender


By:_____
Title:_____
Address:

     _____
     _____
     _____
Attn:
Telecopy:

S-6

*Post-Confirmation Loan
and Security Agreement*

EXHIBIT A

to

Loan and Security Agreement

**TERM LOAN NOTE**

[Date]                              $_____                  Chicago, Illinois

     **PCS RECEIVABLES CORP.**, a _____, ("<u>Borrower</u>"), for value received, hereby unconditionally promise to pay to the order of _____ ("<u>Lender</u>"), the principal sum of _____ DOLLARS ($_____), or such lesser amount as may be advanced by Lender as a Term Loan under the Loan Agreement described below, together with all accrued and unpaid interest thereon.  Terms are used herein as defined in the Post-Confirmation Loan and Security Agreement dated as of _____, 20__, among Borrower, Bank of America, N.A., as Agent, Lender, and certain other financial institutions, as such agreement may be amended, modified, renewed or extended from time to time ("<u>Loan Agreement</u>").

     Principal of and interest on this Note from time to time outstanding shall be due and payable as provided in the Loan Agreement.  This Note is issued pursuant to and evidences Lender's Term Loan under the Loan Agreement, to which reference is made for a statement of the rights and obligations of Lender and the duties and obligations of Borrower.  The Loan Agreement contains provisions for acceleration of the maturity of this Note upon the happening of certain stated events, and for the prepayment of amounts upon specified terms and conditions.

     The holder of this Note is hereby authorized by Borrower to record on a schedule annexed to this Note (or on a supplemental schedule) the amounts owing with respect to the Term Loan, including payments thereon.  Failure to make any notation, however, shall not affect the rights of the holder of this Note or any obligations of Borrower hereunder or under any other Loan Documents.

     Time is of the essence of this Note.  Borrower and all endorsers, sureties and guarantors of this Note hereby severally waive demand, presentment for payment, protest, notice of protest, notice of intention to accelerate the maturity of this Note, diligence in collecting, the bringing of any suit against any party, and any notice of or defense on account of any extensions, renewals, partial payments, or changes in any manner of or in this Note or in any of its terms, provisions and covenants, or any releases or substitutions of any security, or any delay, indulgence or other act of any trustee or any holder hereof, whether before or after maturity.  Borrower agrees to pay, and to save the holder of this Note harmless against, any liability for the payment of all costs and expenses (including, without limitation, reasonable attorneys' fees) if this Note is collected by or through an attorney-at-law.

     In no contingency or event whatsoever shall the amount paid or agreed to be paid to the holder of this Note for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permitted under Applicable Law.  If any such excess amount is inadvertently paid by Borrower or inadvertently received by the holder of this Note, such excess shall be returned to Borrower or credited as a payment of principal, in accordance with the Loan

Agreement.  It is the intent hereof that Borrower not pay or contract to pay, and that holder of this Note not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Borrower under Applicable Law.

This Note shall be governed by the laws of the State of Illinois, without giving effect to any conflict of law principles (but giving effect to federal laws relating to national banks).

**IN WITNESS WHEREOF**, this Term Loan Note is executed as of the date set forth above.

Attest:

PCS RECEIVABLES CORP.,
as Borrower

Secretary

By_____

Title:_____

[Seal]

EXHIBIT B
to
Loan and Security Agreement

**ASSIGNMENT AND ACCEPTANCE**

Reference is made to the Loan and Security Agreement dated as of _____, 20__, as amended ("Loan Agreement"), among **PCS RECEIVABLES CORP.** ("Borrower"), **BANK OF AMERICA, N.A.**, as agent ("Agent") for the financial institutions from time to time party to the Loan Agreement ("Lenders"), and such Lenders.  Terms are used herein as defined in the Loan Agreement.

_____ ("Assignor") and _____ ("Assignee") agree as follows:

1.     Assignor hereby assigns to Assignee and Assignee hereby purchases and assumes from Assignor a principal amount of $_____ of Assignor's outstanding Term Loan (the foregoing items being, collectively, the "Assigned Interest"), together with an interest in the Loan Documents corresponding to the Assigned Interest.  This Assignment and Acceptance shall be effective as of the date ("Effective Date") indicated in the corresponding Assignment Notice delivered to Agent, provided such Assignment Notice is executed by Assignor, Assignee, Agent and Borrower, if applicable.  From and after the Effective Date, Assignee hereby expressly assumes, and undertakes to perform, all of Assignor's obligations in respect of the Assigned Interest, and all principal, interest, fees and other amounts which would otherwise be payable to or for Assignor's account in respect of the Assigned Interest shall be payable to or for Assignee's account, to the extent such amounts accrue on or after the Effective Date.

2.     Assignor (a) represents that as of the date hereof, prior to giving effect to this assignment, the outstanding balance of its Term Loans is $_____; (b) makes no representation or warranty and assumes no responsibility with respect to any statements, warranties or representations made in or in connection with the Loan Agreement or the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Agreement or any other instrument or document furnished pursuant thereto, other than that Assignor is the legal and beneficial owner of the interest being assigned by it hereunder and that such interest is free and clear of any adverse claim; and (c) makes no representation or warranty and assumes no responsibility with respect to the financial condition of Borrower or the performance by Borrower of its obligations under the Loan Documents.  *[Assignor is attaching the Note[s] held by it and requests that Agent exchange such Note[s] for new Notes payable to Assignee [and Assignor].]*

3.     Assignee (a) represents and warrants that it is legally authorized to enter into this Assignment and Acceptance; (b) confirms that it has received copies of the Loan Agreement and such other Loan Documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and Acceptance; (c) agrees that it shall, independently and without reliance upon Assignor and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Documents; (d) confirms that it is an Eligible Assignee; (e)

appoints and authorizes Agent to take such action as agent on its behalf and to exercise such powers under the Loan Agreement as are delegated to Agent by the terms thereof, together with such powers as are incidental thereto; (f) agrees that it will observe and perform all obligations that are required to be performed by it as a "Lender" under the Loan Documents; and (g) represents and warrants that the assignment evidenced hereby will not result in a non-exempt "prohibited transaction" under Section 406 of ERISA.

      4.      This Assignment and Acceptance shall be governed by the laws of the State of Illinois.  If any provision is found to be invalid under Applicable Law, it shall be ineffective only to the extent of such invalidity and the remaining provisions of this Assignment and Acceptance shall remain in full force and effect.

      5.      Each notice or other communication hereunder shall be in writing, shall be sent by messenger, by telecopy or facsimile transmission, or by first-class mail, shall be deemed given when sent and shall be sent as follows:

      (a)      If to Assignee, to the following address (or to such other address as Assignee may designate from time to time):

      _____
      _____
      _____

      (b)      If to Assignor, to the following address (or to such other address as Assignor may designate from time to time):

      _____
      _____
      _____
      _____

      Payments hereunder shall be made by wire transfer of immediately available Dollars as follows:

      If to Assignee, to the following account (or to such other account as Assignee may designate from time to time):

      _____
      _____
      ABA No_____
      _____
      Account No._____
      Reference:

If to Assignor, to the following account (or to such other account as Assignor may designate from time to time):

_____
_____
_____
ABA No_____
_____
Account No._____
Reference:

[Signature Page Follows]

**IN WITNESS WHEREOF**, this Assignment and Acceptance is executed as of
_____.

_____
("Assignee")


By_____
    Title:


_____
("Assignor")


By_____
    Title:

EXHIBIT C

to

Loan and Security Agreement

**ASSIGNMENT NOTICE**

Reference is made to (1) the Loan and Security Agreement dated as of _____, 20__, as amended ("Loan Agreement"), among **PCS RECEIVABLES CORP.** ("Borrower"), **BANK OF AMERICA, N.A.**, as agent ("Agent") for the financial institutions from time to time party to the Loan Agreement ("Lenders"), and such Lenders; and (2) the Assignment and Acceptance dated as of _____, 20__ ("Assignment Agreement"), between _____ ("Assignor") and _____ ("Assignee").  Terms are used herein as defined in the Loan Agreement.

Assignor hereby notifies Borrower and Agent of Assignor's intent to assign to Assignee pursuant to the Assignment Agreement a principal amount of $_____ of Assignor's outstanding Term Loan (the foregoing items being, collectively, the "Assigned Interest"), together with an interest in the Loan Documents corresponding to the Assigned Interest.  This Assignment Notice shall be effective as of the date (the "Effective Date") indicated below, provided this Assignment Notice is executed by Assignor, Assignee, Agent and Borrower, if applicable.  Pursuant to the Assignment Agreement, Assignee has expressly assumed all of Assignor's obligations under the Loan Agreement to the extent of the Assigned Interest, as of the Effective Date.

The address of Assignee to which notices and information are to be sent under the terms of the Loan Agreement is:

_____

_____

_____

_____

The address of Assignee to which payments are to be sent under the terms of the Loan Agreement is shown in the Assignment and Acceptance.

This Assignment Notice is being delivered to Borrower and Agent pursuant to **Section 12.3** of the Loan Agreement.  Please acknowledge your acceptance of this Assignment Notice by executing and returning to Assignee and Assignor a copy of this Assignment Notice.

**IN WITNESS WHEREOF**, this Assignment Notice is executed as of _____.

_____

("Assignee")

By_____
    Title:

_____

("Assignor")

By_____
    Title:

ACKNOWLEDGED AND AGREED,

AS OF THE DATE SET FORTH ABOVE:

**<u>BORROWER / AGENT</u>:***

**PCS RECEIVABLES CORP.**

By_____
    Title:

* No signature is required if Assignee is a Lender, U.S.-based Affiliate of a Lender or Approved
  Fund, or if an Event of Default exists.

**BANK OF AMERICA, N.A.,**

as Agent

By_____
    Title:

SCHEDULE 1.1
to
Loan and Security Agreement

**<u>EXCEPTIONS TO COLLATERAL RIGHTS</u>**

SCHEDULE 2.1
to
Loan and Security Agreement

**LENDERS AND PERCENTAGES**

| Lender | Term Loan | Pro Rata |
|---|---|---|
| Bank of America, N.A. | | 29.47% |
| BMO Harris Financing, Inc. (formerly known as BMO Capital Markets Financing, Inc.) | | 21.05% |
| BoS(USA), Inc. | | 18.95% |
| Capital One | | 18.95% |
| MB Financial | | 11.58% |
| **Total** | | **100%** |

SCHEDULE 7.3
to
Loan and Security Agreement

**DEPOSIT ACCOUNTS**

| Depository Bank | Type of Account | Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

SCHEDULE 7.4.1
to
Loan and Security Agreement

**BUSINESS LOCATIONS**

1.      Borrower currently has the following business locations, and no others:

Chief Executive Office:

Other Locations:


2.      In the five years preceding the Closing Date, Borrower has had no office or place of business located in any county other than as set forth above, except:


3.      Each Subsidiary currently has the following business locations, and no others:

Chief Executive Office:

Other Locations:


4.      The following bailees, warehouseman, similar parties and consignees hold inventory of Borrower:

| Name and Address of Party | Nature of Relationship | Amount of Inventory | Owner of Inventory |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

SCHEDULE 8.1.4
to
Loan and Security Agreement

**NAMES AND CAPITAL STRUCTURE**

1.      The corporate name, jurisdiction of incorporation, and authorized and issued Equity Interests of Borrower are as follows:

| Name | Jurisdiction | Number and Class of Authorized Shares | Number and Class of Issued Shares |
|---|---|---|---|
|  |  |  |  |

2.      The record holders of Equity Interests of Borrower are as follows:

| Name | Class of Stock | Number of Shares | Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.      All agreements binding on holders of Equity Interests of Borrower with respect to such interests are as follows:

4.      In the five years preceding the Closing Date, Borrower has not acquired any substantial assets from any other Person nor been the surviving entity in a merger or combination, except:

SCHEDULE 8.1.6
to
Loan and Security Agreement

**<u>REAL PROPERTY</u>**

SCHEDULE 8.1.10
to
Loan and Security Agreement

**PATENTS, TRADEMARKS, COPYRIGHTS AND LICENSES**

1.      Borrower's and Subsidiaries' patents:

| Patent | Owner | Status in Patent Office | Federal Registration No. | Registration Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2.      Borrower's and Subsidiaries' trademarks:

| Trademark | Owner | Status in Trademark Office | Federal Registration No. | Registration Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3.      Borrower's and Subsidiaries' copyrights:

| Copyright | Owner | Status in Copyright Office | Federal Registration No. | Registration Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4.      Borrower's and Subsidiaries' licenses (other than routine business licenses, authorizing them to transact business in local jurisdictions):

| Licensor | Description of License | Term of License | Royalties Payable |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

SCHEDULE 8.1.13
to
Loan and Security Agreement

**ENVIRONMENTAL MATTERS**

SCHEDULE 8.1.14
to
Loan and Security Agreement

## RESTRICTIVE AGREEMENTS

| Entity | Agreement | Restrictive Provisions |
|--------|-----------|------------------------|
|        |           |                        |
|        |           |                        |
|        |           |                        |
|        |           |                        |

SCHEDULE 8.1.15

to

Loan and Security Agreement

**LITIGATION; COMMERCIAL TORT CLAIMS**

1.       Proceedings and investigations pending against Borrower or Subsidiaries:

2.       Threatened proceedings or investigations of which Borrower or any Subsidiary is aware:

3.       Pending Commercial Tort Claim of Borrower:

SCHEDULE 8.1.17
to
Loan and Security Agreement

**ERISA**

SCHEDULE 8.1.19
to
Loan and Security Agreement

## **LABOR CONTRACTS**

Borrower and Subsidiaries are party to the following collective bargaining agreements, management agreements and consulting agreements:

| Parties | Type of Agreement | Term of Agreement |
|---------|-------------------|-------------------|
|         |                   |                   |
|         |                   |                   |
|         |                   |                   |
|         |                   |                   |

SCHEDULE 8.1.22
to
Loan and Security Agreement

## **SERVICING ACCOUNTS**

SCHEDULE 9.2.2
to
Loan and Security Agreement

**<u>EXISTING LIENS</u>**