## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PCS FINANCIAL CORP., | ) | Case Nos. 08-30930 |
| | ) | Case Nos. 08-30934 |
| In re: | ) | |
| | ) | |
| PRIME ACCEPTANCE CORP., | ) | Judge Hollis |
| | ) | |
| Debtors/Debtors-in-Possession. | ) | |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on the 27th day of September, 2011, at the hour of 10:00 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in room 644 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtors' Counsel,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

### CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 1st day of September, 2011, before the hour of 5:00 p.m.

/s/David K. Welch

## SERVICE LIST
PCS Financial Corp. and Prime Acceptance Corp.

United States Trustee*
219 S. Dearborn, #873
Chicago, IL 60604

Thomas S. Kiriakos, Esq. *
Sean Scott, Esq.
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606

PCS Financial Corp.*
c/o Kenneth Nichol
200 West Jackson Blvd., Suite 710
Chicago, IL 60606-6941

Prime Acceptance Corp. *
c/o Kenneth Nichol
200 West Jackson Blvd., Suite 710
Chicago, IL 60606-6941

Bank of America*
Matthew R. VanSteenhuyse, SVP
55 S. Lake Ave., #900
Pasadena, CA 91101

William C. Bielecky, Esq.
Attorney At Law
400 Capital Circle, S.E.
Suite 18
Box 300
Tallahassee, Florida 32301

Joshua D. Greene
Springer, Brown, Covey, Gartner
& Davis, L.L.C.
400 S. County Farm Rd., Suite 330
Wheaton, IL 60187

Bank of Scotland
Christine A. Renard, Senior Vice Pres.
BoS (USA) Inc.
1095 Avenue of the Americas
New York, NY 10036

David Sherer
Capital One, N.A.
1415 W. 11nd St., #750
Oak Brook, IL 60523

Maureen McNally Janes
MB Financial Bank
6111 N. River Road
Rosemont, IL 60018

Jason Nohr
BMO Capital Markets
111 W. Monroe St., 12th Floor
Chicago, IL 60603

Internal Revenue Service
c/o Mayer Silber, Esq.
200 W. Adams St., #2300
Chicago, IL 60606

Lenore M. Sesner
6521 N. Newgard, Apt. 2F
Chicago, IL 60626

SW Ewing TTE
Ewing Family Rd. Dated 3/7/2001
5831 London Lane
Dallas, TX 75252

Peter W. Ewing, TTE
Christine E. Ewing Tr. Dtd 11/17/94
1104 Blackthorn Lane
Northbrook, IL 60062

Peter W. Ewing, TTE
Jennifer L. Ewing Tr. Dtd 11/17/94
1104 Blackthorn Lane
Northbrook, IL 60062

Illinois Department of Revenue
Attn: James Newbold
Bankruptcy Section Level 70425
100 W. Randolph
Chicago, IL 60601

Stephen Alex Ewing
c/o Steven W. Ewing
5831 London
Dallas, TX 75252

UCC Direct Services
PO Box 200824
Houston, TX 77216-0824

IBM
PO Box 643600
Pittsburgh, PA 15264-3600

Experian
701 Experian Parkway
Allen, TX 75013

Selden Fox & Assoc., Ltd.
619 Enterprise Dr.
Hinsdale, IL 60521-8835

Comgraphics Inc.
Attn: Denise Kretzer, President
329 W. 18th St., 10th Floor
Chicago, IL 60616

Burke Warren MacKay & Serritella PC
330 N. wabash Ave.
Chicago, IL 60611-3607

LexisNexis
Attn: Brad Menhennet
PO Box 7247-6157
Philadelphia, PA 18170-6157

Midwest Laser Specialists Inc.
7550 S. Quincy St.
Willowbrook, IL 60527

Search America, Inc.
7001 E. Fish Lake Rd.
Maple Grove, MN 55311

North America Press Inc.
820 S. Bartlett Rd.
Streamwood, IL 60107-2407

Corporate Express
PO Box 85708
Chicago, IL 60694-5798

Trans Union LLC
Attn: Ruth Gagolinan
PO Box 99506
Chicago, IL 670693-9506

Alternative Mailing Systems
1447 Howard Ave.
Elk Grove Village, IL 60007-2215

Business 21 Publishing
153 A. Baltimore Pike
Springfield, PA 19064

Daubert Law Firm
Suite 400
1 Corporate Drive
Wausau, WI 54401-1727

Jean Ward hall Trust
Diana W. Jones TTE
246 Landis Lane
Deerfield, IL 60015-3420

Illinois Department of Revenue
Bankruptcy Dept.
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326

Kenneth R. Nichol
834 Burning Trail
Carol Stream, IL 60188-3337

Louis G. Gineris
3129 - 76th Court
Elmwood Park, IL 60707-1106

Mario and Sonia Zulaica
c/o Martin Cukjati & Richman, LLP
1802 Blanco Road
San Antonio, TX 78212-2614

Phillip C. Ward
Trustee, Alex Ward
1315 Camino Amparo NW
Alburquerque, 87107-2605

Pitney Bowes Inc.
27 Waterview Drive
Shelton CT 06484-4361

UPS
Attn: Stephanie Allogio
240 Emery St.
Bethlehem, PA 18015-1980

VEF VI LLC
c/o MB Real Estate
36400 Eagle Way
Chicago, IL 60678-0001

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

Andrew W. Ward
1406 Red Rock court
Dayton, OH 45440

Chicago Messenger
3188 Eagle Way
Chicago, IL 60678-1318

Chris Ward, TTE, ECM GRDCH TR
Zachary D. Ward
7842 Braeloch Court
Orland Park, IL 60462

Citibusiness card
PO Box 688901
Des Moines, IA 50368-8901

Covad Communications
PO Box 39000 Dept 33408
San Francisco, CA 94139-3408

First American Core Logic
4 First American Way
Santa Ana, CA 92701

Garvey Office Products
PO Box 74044
Chicago, IL 60690-4044

Reliable Computer Company
1627 Colonial Pkway Suite 100
Palatine, IL 60067-4732

Timothy C. Ward
2779 South Blvd.
Dayton, OH 45419

Transworld Systems, Inc.
PO Box 14010
Santa Rosa, CA 95402

Worldwide Express
719 S. State St., #202
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PCS FINANCIAL CORP., | ) | Case Nos. 08-30930 |
| In re: | ) | Case Nos. 08-30934 |
| PRIME ACCEPTANCE CORP., | ) | Judge Hollis |
| Debtors/Debtors-in-Possession. | ) | |

### NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL
### COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTORS' COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on November 13, 2008, the Debtors, PCS Financial Corp. and Prime Acceptance Corp. ("Debtors"), filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, whereby these Chapter 11 bankruptcy cases  commenced under the above case numbers, and that on December 2, 2008 the Court entered an Order providing for the joint administration of these Chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that on September 1, 2011, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtors, filed a Motion for Fourth Allowance of Interim Compensation and Reimbursement of Expenses (the "CHSWC Motion"), thereby requesting the sum of $62,374.50 for legal services rendered to the Debtors for the period commencing August 5, 2010 through and including July 31, 2011,  plus costs advanced for the same period in the sum of $1,847.82.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, be and they are hereby directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the 23rd day of **September, 2011**, with a copy of said objection(s) to be simultaneously served upon the law firm of Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the 27th day of **September, 2011**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: September 1, 2011

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Scott R. Clar, Esq. (Atty. No. 06183741)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
W:\GRACE\PCS-Prime\fee.CHSWC.notice.Final.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PCS FINANCIAL CORP., | ) | Case Nos. 08-30930 |
| | ) | Case Nos. 08-30934 |
| In re: | ) | |
| | ) | |
| PRIME ACCEPTANCE CORP., | ) | Judge Hollis |
| | ) | |
| Debtors/Debtors-in-Possession. | ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtors</u>

Date of Order
Authorizing Employment:   <u>December 11, 2008</u>

Period for Which Compensation
is Sought:   From: <u>August 5, 2010</u>   through <u>July 31, 2011</u>

Amount of Fees Sought: <u>$62,374.50</u>

Amount of Expense
Reimbursement Sought:  <u>$1,847.82</u>

This is a(n):  Interim Application ___   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 4/9/09 | 11/7/08-3/31/09 | $110,107.45 | $110,107.45 |
| 9/17/09 | 4/1/09-7/31/09 | $50,304.33 | $50,304.33 |
| 2/23/09 | 8/1/09-1/31/10 | $27,145.88 | $27,145.88 |
| 8/25/10 | 2/1/10-8/3/10 | $82,638.27 | $82,638.27 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and
expenses herein is: $270,195.93.

Date:                                          Applicant:     David K. Welch and the firm
                                                              <u>Crane, Heyman, Simon, Welch & Clar</u>

                                                              By: <u>/s/David K. Welch</u>
                                                                  Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PCS FINANCIAL CORP., | ) | **Case** Nos. 08-30930 |
| | ) | **Case** Nos. 08-30934 |
| In re: | ) | |
| | ) | |
| PRIME ACCEPTANCE CORP., | ) | **Judge** Hollis |
| | ) | |
| Debtors/Debtors-in-Possession. | ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES TO DEBTORS' COUNSEL

DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH &
CLAR ("CHSWC"), Counsel to PCS FINANCIAL CORP. ("PCS") and PRIME
ACCEPTANCE CORP. ("Prime"), Debtors/Debtors in Possession herein, make their
Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final
Compensation and Reimbursement of Expenses for legal services rendered during
these Chapter 11 cases; and in support thereof, state as follows:

### Introduction

1.    On November 13, 2008, the Debtors filed their voluntary petitions for relief
under Chapter 11 of the Bankruptcy Code.

2.    The Debtors are operating their businesses and managing their financial
affairs as Debtors-in-Possession.  No trustee, examiner or committee of unsecured
creditors has been appointed to serve in these Chapter 11 cases.

-1-

3.     On December 2, 2008, this Court entered an Order providing for the joint administration of these Chapter 11 cases.

4.     On December 11, 2008, this Court entered an Order authorizing the Debtors to retain CHSWC as their Counsel in these Chapter 11 cases with compensation subject to the further Order of this Court.

5.     By this Motion, CHSWC requests a allowance of final compensation and reimbursement of expenses in the amounts of $62,374.50 and $1,847.82, respectively, for legal services rendered to the Debtor during the period August 5, 2010, through July 31, 2011. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

6.     CHSWC has received four prior allowances of interim compensation and expenses in these Chapter 11 cases in the aggregate amount of $270,195.93 ("Interim Allowances"). The pre-petition retainers received by CHSWC in the aggregate amount of $75,000.00  were applied by CHSWC to the first allowance of interim compensation and expenses made by this Court. Furthermore, the balance of the prior Interim Allowances has been paid by the Debtors. CHSWC also requests that this Court approve the Interim Allowances under Section 330 of the Bankruptcy Code.

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A), (O).

8.     The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

-2-

## Relevant Factual Background

9.     PCS is an Illinois corporation that is engaged in the business of
commercial lending to third parties, which loans are generally secured by the borrowers'
accounts receivable and other property.  Prime is the wholly owned subsidiary of PCS.
Prime is engaged in business as a consumer finance company that purchases credit
contracts at less than the face value thereof from retailers that sell products to third
party consumers.  PCS and Prime operate their businesses from a leased premises at
200 West Jackson Boulevard, Chicago, Illinois.  PCS and Prime employ approximately
60 employees at this location.  The businesses of PCS and Prime have been in
existence since 1953.  In 2007, PCS and Prime had combined gross sales in the
approximate amount of $39,377,479.00 ($11,436,238.00 for PCS and $27,941,241.00
for Prime) and had combined gross sales as of October 31, 2008, in the approximate
amount of $32,374,814.00 ($8,180,161.00 for PCS and $24,194,653.00 for Prime).

10.     The Debtors' principal secured creditor is Bank of America which, as of
the filing of these Chapter 11 cases, was  asserting a secured claim in excess of
$62,000,000.00 secured by liens on virtually all of the Debtors' assets.  Within the
approximate twelve months preceding the filing of these Chapter 11 cases, the Debtors,
in addition to making current interest payments to the Bank, reduced the principal
indebtedness due to the Bank by approximately $24,000,000.00.

11.     This Court has entered a series of Orders authorizing the Debtors to use
cash collateral and providing for adequate protection of the secured interests of Bank of
America.  Pursuant to these Cash Collateral Orders, as of June 30, 2011, the Debtors
have made post-petition payments to the Bank in the approximate amount of

-3-

$4,900,000.00.

12.    The Debtors have successfully renegotiated the terms and conditions of extensions of their Finance Agreements with their five (5) major dealers. The renegotiation of the Finance Agreements are major steps toward accomplishing a successful reorganization.

13.    The Debtors have also assumed the lease of their business premises pursuant to the prior Order of this Court.

14.    On June 28, 2011 this Court entered an Order confirming the Debtors' First Amended Plan of Reorganization ("Plan").

**Interim Compensation**
**and Expenses Requested**

15.    CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CHSWC is comprised of seven (7) lawyers, some of whom have participated in representing the Debtors in these bankruptcy cases.

16.    The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtors. Other attorneys at CHSWC have also participated to a lesser extent in these Chapter 11 cases. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

17.    DAVID K. WELCH is a member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights.

-4-

He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Third and Seventh Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

18.    JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including

-5-

personal injury, domestic relations, criminal law and commercial litigation.  Mr. Dan

joined the firm in September of 2002 and has been actively involved in all aspects of

bankruptcy litigation as well as State Court litigation that arises in insolvency matters.

Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh

Circuit and the Third Circuit, and the United States District Courts for the Northern and

Central Districts of Illinois, Northern District of Indiana, and the Eastern District of

Wisconsin, and is a member of the Federal Trial Bar.

19.    The hourly rates usually charged by CHSWC in matters of this nature are

as follows:

| Attorney | 2009 Hourly Rate | 2010 Hourly Rate | 2011 Hourly Rate |
|---|---|---|---|
| Eugene Crane (EC)[1] | $465.00 | $475.00 | $485.00 |
| Glenn R. Heyman (GRH) | $465.00 | $475.00 | $485.00 |
| Arthur G. Simon (AGS) | $425.00 | $435.00 | $450.00 |
| David K. Welch (DKW) | $425.00 | $435.00 | $450.00 |
| Scott R. Clar (SRC) | $425.00 | $435.00 | $450.00 |
| Jeffrey C. Dan (JCD) | $325.00 | $350.00 | $375.00 |
| John H. Redfield (JHR) | N/A | N/A | $360.00 |

20.    The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtors during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 135.60 | $60,219.00 |
| Jeffrey C. Dan | 4.50 | $ 1,687.50 |
| John H. Redfield | 1.30 | $    468.00 |
| Total | 141.40 | $62,374.50 |

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

-6-

21. During the course of the representation of the Debtors during the relevant period, CHSWC incurred expenses of $1,847.82. These expenses are itemized on **Exhibit B** to this Motion.

22. CHSWC generally does not charge for multiple attorneys' time with respect to interoffice conferences and multiple attorneys' attendance at conferences. In fact, all such time for multiple conferencing has only been charged by a single attorney with all additional attorneys' time being not charged.

23. All of the legal services rendered and expenses incurred by CHSWC were equally beneficial to PCS, Prime and their businesses. Therefore, there is no basis to attempt to allocate such legal services and expenses specifically to either of the Debtors. Furthermore, under the Plan, PCS and Prime were merged into a single company identified as "OCS Receivables Corp."

**Legal Services Rendered to the Debtors**

24. The representation of the Debtors is categorized in this Motion as follows:

A. **General Administration**
   The matters in this category include assisting the Debtors with the general administration of these bankruptcy cases and the Debtors' business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to assisting the Debtors with their monthly operating reports and responding to general creditor inquiries. Other legal services in this category include assisting the Debtors generally in the operation of their businesses.

**Total Time Expended**                    **26.20 hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| David K. Welch (DKW) | 24.90 | $11,008.50 |
| John H. Redfield (JHR) | 1.30 | $   468.00 |
| **TOTAL** | **26.20** | **$11,476.50** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B.    **Dealer Agreements**

One aspect of the Debtors' businesses is the existence of agreements with five (5) dealers under which the Debtors provide financing to these dealers so these dealers may, in turn, extend financing to their customers.  A key aspect of these reorganization cases is the renegotiation and extension of these dealer agreements on financial terms that are more representative of current market terms.  While the Debtors have retained special counsel to complete these negotiations, CHSWC has coordinated these efforts in conjunction with the Debtors' obligations under the Bankruptcy Code. As of the filing of this Motion, the Debtors have successfully negotiated the terms of amended and extended dealer agreements. Certain issues have been raised by the Bank concerning these dealer agreements. CHSWC has regularly advised the Debtors concerning these issues.

**Total Time Expended**                                    **3.10 hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| David K. Welch (DKW) | 3.10 | $1,365.00 |
| **TOTAL** | **3.10** | **$1,365.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

C.    **Bank of America Matters/Use of Cash Collateral**

A large portion of the legal services rendered by CHSWC

relate to matters involving the Bank and the Debtors'
use of cash collateral.  This Court has entered a series of
consensual Interim Cash Collateral Orders and a series of
Final Cash Collateral Orders that have been routinely extended
by agreement of the parties, although at times the Debtors
have needed to begin preparing for a contested cash collateral
hearing. These Cash Collateral Orders have enabled the Debtors to
maintain regular, uninterrupted business operations while
formulating an exit strategy from these Chapter 11 cases.

Additionally, CHSWC has advised the Debtors with respect to
other matters involving the Bank. These other matters
include the requirement of deposits for certain types of
banking activities, reviewing (and objecting to) the
attorneys' fees of Bank's counsel and other professionals
retained by the Bank, responding to information requests
from the Bank, and the submission of variance and collateral
reports to the Bank. CHSWC has also advised the Debtors
concerning numerous issues arising under the Bank's
loan documents.

**Total Time Expended**                              **26.20 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch (DKW) | 24.40 | $10,636.00 |
| Jeffrey C. Dan (JCD) | 1.80 | $    675.00 |
| **TOTAL** | **26.20** | **$11,311.00** |

Attached to this Motion **as Exhibit E** is an itemization of the legal services rendered in
this category.

D.    **Chapter 11 Exit Strategy**

CHSWC has advised the Debtors during the period covered by this
fee application of their options with respect to emerging from these
Chapter 11 cases.  The Debtors filed a Plan within the exclusive
period which provided for, among other things, payment of a
meaningful dividend to the holders of allowed claims.  The
exclusive periods with respect to the filing of a Plan were extended
by this Court at the request of the Debtors.  Furthermore, pursuant
to the Order of this Court, the Debtors and the Bank entered into

an agreement pursuant to which the Bank was prohibited from filing a competing Plan. The Debtors and the Bank negotiated the terms and conditions of an extensive restructuring of the underlying loans between the parties.  This loan restructuring was incorporated into an amended Plan and amended Disclosure Statement that were consensual with the Bank and other participant lenders.  This amended Plan was confirmed by this Court on June 28, 2011.

**Total Time Expended**                                          **80.90 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch (DKW) | 78.20 | $34,854.00 |
| Jeffrey C. Dan (JCD) | 2.70 | $ 1,012.50 |
| **TOTAL** | **80.90** | **$35,866.50** |

Attached to this Motion **as Exhibit F** is an itemization of the legal services rendered in this category.

E.    **Bank's Complaint For Declaratory Relief**

As part of its strategy to oppose approval of the Debtors' original Disclosure Statement and confirmation of the Debtors' original Plan, the Bank commenced an adversary proceeding seeking a determination from this Court that the subordination provisions of the pre-petition notes of certain creditors were enforceable as against such noteholders.  The Debtors were also defendants in this adversary proceeding.  Various noteholders and the Debtors filed Answers and Affirmative Defenses to the Bank's Complaint.  As a result of confirmation of the amended Plan, this litigation was rendered moot.

**Total Time Expended**                                          **5.40 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch (DKW) | 5.40 | $2,353.50 |
| **TOTAL** | **5.40** | **$2,353.50** |

Attached to this Motion **as Exhibit G** is an itemization of the legal services rendered in this category.

25.     Other than as provided in Section 504(b) of the Bankruptcy Code,
CHSWC has not shared, nor agreed to share, any compensation received as a result of
these cases with any person, firm or entity. The sole and exclusive source of
compensation shall be funds of the Debtors. As of the filing of this Motion, the Debtors
had in excess of $4,900,000.00 in cash on deposit in their accounts.

26.     CHSWC asserts that the compensation requested in this Motion is
reasonable compensation for the actual and necessary legal services rendered based
upon the time, nature, extent and value of such professional services. CHSWC further
asserts that the cost of legal services rendered for and on behalf of the Debtors is
comparable to the cost of similar services in matters other than under the Bankruptcy
Code.

27.     CHSWC asserts that the expenses for which reimbursement is sought in
this Motion are reasonable and were actual and necessary expenditures required in the
representation of the Debtors.

28.     CHSWC submits that the compensation and expenses requested are fair,
reasonable and warranted under the circumstances.

29.     CHSWC also requests that this Court approve the Interim Allowances
under Section 330 of the Bankruptcy Code.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN,
SIMON, WELCH & CLAR, Debtors' Counsel, pray for the entry of an Order allowing
final compensation and reimbursement of expenses in the amounts of $62,374.50 and
$1,847.82, respectively; allowing the Interim Allowances under Section 330 of the

-11-

Bankruptcy Code; and granting such other relief as may be just and appropriate.

Respectfully submitted,

DAVID K. WELCH, and the law firm of
CRANE, HEYMAN, SIMON, WELCH &
CLAR

By: /s/David K. Welch

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Scott R. Clar, Esq. (Atty. No. 06183741)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
W:\GRACE\PCS-Prime\Pay CHSWC.mot.Final.wpd

-12-